UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY FORTSON, | ) | CASE NO. 1:11 CV 147 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | ORDER ADOPTING |
| | ) | REPORT AND RECOMMENDATION |
| DONALD MORGAN, Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

  This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Greg White. The Report and Recommendation (ECF #15) is hereby ADOPTED. Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on January 21, 2011 challenging the constitutionality of his conviction. The Petition claimed eight violations of due process based on alleged deficiencies in the indictment, deficiencies in the jury instructions, improper cross-examination, insufficient evidence, and the imposition of a monetary fine. (ECF #1). Subsequently, Respondent filed an Answer/Return of Writ (ECF #8), and the Petitioner filed a Traverse. (ECF #9).

  Magistrate Judge White found that the petitioner's claims lacked merit and that the Petition, therefore, should be denied. The Magistrate correctly found the Claim One was

procedurally defaulted, and that even had it not been defaulted, the alleged violation was based on state law requirements for a state court indictments, and, therefore it failed to allege the violation of a federal Constitutional right. The only federal issue raised by Claim Two relied on allegations that were contradicted by the facts disclosed in the transcript of the trial. The remaining claims also failed to establish that the decision(s) made by the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254; *see also*, *Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).

The Petitioner sought and received an extension of time within which to file his objections to the to the Magistrate's Report and Recommendation, and objections were timely filed within the time granted by the extension. (ECF #16, 18).

The Court has reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objection has been made. *See* FED. R. CIV. P. 72(b). The Court finds Magistrate Judge White's Report and Recommendation to be thorough, well-written, well-supported, and correct. The Court finds that Petitioner's objections raise no arguments (factual or legal) that have not been fully and correctly addressed by the Magistrate's Report and Recommendation, and that Petitioners objections are unwarranted. This Court, therefore, adopts the Magistrate's Report in its entirety.

Further, for the reasons stated in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. To the extent that Petitioner's claims were rejected on

the merits, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong. Accordingly, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b). Petitioner's motion for habeas corpus is hereby DENIED. IT IS SO ORDERED.

    /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: May 21, 2012